STANLEY LISS ET AL., PLAINTIFFS, v. PUBLIC SERVICE
RAILWAY COMPANY, DEFENDANT.

Submitted October term, 1927—Decided March 19, 1928.

Before GUMMERE, CHIEF JUSTICE, and Justices BLACK and
LLOYD.

For the plaintiffs, *Aaron L. Simon.*

For the defendant, *Henry H. Fryling.*

PER CURIAM.

This suit was brought to recover damages for personal in-
juries. The trial of the case resulted in a verdict for the
infant plaintiff, Stanley Liss, for $10,000 and a verdict for
his father, Michael Liss, for $2,500. The defendant obtained
a rule to show cause and writes down nine reasons for a new
trial. First and second, error by the trial court in refusing
to nonsuit the plaintiff or direct a verdict in favor of the de-
fendant on the ground that no negligence on the part of the
defendant had been shown and contributory negligence on
the part of the plaintiff had been shown. Third, because the
verdicts are contrary to the weight of the evidence. Fourth
to ninth, error in the charge of the trial judge. While the
charge may be subject to criticism, when considered as a
whole, it does not justify a new trial. No exceptions were
taken. We find no error here. The accident occurred at
Haledon, Passaic county, New Jersey, on October 31st, 1924,
at about noon of that day. The plaintiff, Stanley Liss,

eighteen and a half years old, was riding his bicycle in a northerly direction on Belmont avenue, closely following a large truck known as a "Bulldog Mack," when he collided with the defendant's trolley car proceeding in a southerly or opposite direction.

Stanley Liss, the plaintiff's version of the occurrence is as follows—*Record, p.* 13: "I was following this here big truck —food truck—and I was about thirty to thirty-five feet away, in back of it, keeping all of that distance away, while he was going along Belmont avenue and apast Henry street and towards the bend I still was the same distance that time; and there was a big parked truck parked up and down the gutter, just about two or three feet away from the tracks so the trolley cars could pass; I didn't see any chance to go that way, so I kept going back of the truck; so I was keeping back of the truck, and this big truck swings over to the trolley tracks about twenty to twenty-five feet away from the standing truck, and I swung out with it, just as soon as the truck had, keeping twenty-five to thirty feet away back all the time, &c., &c., and as the truck was past this here standing truck, &c., I was just about approaching the front of the truck, when I seen this here trolley car coming down very fast— I couldn't see it go over towards the right because the standing truck was there, so in order not to get hit I kept on going and just when, &c., and as soon as I could swing over to right I was hit. This is all I remember, I was hit on the left-hand side."

Anthony Ballo, a witness called by the plaintiff, corroborates this testimony in some of its statements, such as, that there was a truck parked on the right-hand side of the street.

On a motion to nonsuit or direct a verdict for the defendant it admits the truth of the plaintiff's evidence and every inference of fact, which can be legitimately drawn therefrom, but denies the sufficiency in law. *Jones* v. *Public Service Railway Co.,* 86 *N. J. L.* 646, 648.

Under the case of *Simpson* v. *Snellenberg,* 96 *N. J. L.* 518, it was for the trial judge to say whether negligence of the

defendant and contributory negligence of the plaintiff may be drawn. It was for the jury to say whether negligence ought to be drawn. The jury by their verdict found the defendant was guilty of negligence and the plaintiff was not guilty of contributory negligence. The defendant's side of the occurrence was that the boy was holding onto the tailboard of the truck; that he turned out from behind the truck just before the collision onto the trolley tracks; that the truck itself never passed over the right-hand side of the road to the trolley tracks, but kept at a distance of two or three feet to the right of the tracks. The plaintiff argues in the brief that the defendant's witnesses are inaccurate. A map was exhibited in the case, which shows that the trolley track is a single track, east of the center of Belmont avenue, and that the distance between the track and the curb is eighteen feet. The injuries sued for are the result of a "combination of concurrent circumstances."

We cannot say that the verdicts are so clearly against the weight of the evidence as to require a new trial. *Queen* v. *Jennings,* 93 *N. J. L.* 353. It is not so clear as to give rise to an inference that the verdict was the result of mistake, passion or prejudice.

The rule to show cause is discharged.